# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| JABRIL JONES, | ) |
| | ) |
| Movant, | ) |
| | ) No. 2:16-cv-2753-SHM-tmp |
| v. | ) No. 2:09-cr-20389-SHM-1 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |
| | ) |

## ORDER

Before the Court is Movant Jabril Jones's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "§ 2255 Motion"). (§ 2255 Mot., ECF No. 1.) Also before the Court are Jones's six supplements and amendments to his original § 2255 Motion, filed without leave (ECF Nos. 7, 9, 18-19, 21-22); Jones's three motions to amend his original § 2255 Motion (ECF Nos. 12, 15-16); and Jones's motion for relief from judgment under Federal Rule of Civil Procedure 60(b) (ECF No. 14).

For the following reasons, the § 2255 Motion is DENIED. Jones's request for relief under <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015), motions to amend, and motion for relief under Rule 60(b) are also DENIED.

## I.    BACKGROUND

On September 30, 2009, a grand jury returned an indictment charging Jones with one count of knowingly possessing a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding on year, in violation of 18 U.S.C. § 922(g).   (Indictment, Cr. ECF No. 1.)[1]   The factual basis for that charge is stated in the Presentence Investigation Report ("PSR"):

### The Offense Conduct

4.   On Friday July 3, 2009, John Novotny was walking eastbound on Brooklyn Street in Memphis, Tennessee, when a male armed with a chrome revolver came up from behind him and stated "drop it off."  Novotny turned around and observed he was being threatened at gunpoint.  Novotny stated he did not have any money and the male threatened to shoot him. Novotny tried to run away and threw two liquor bottles at the male suspect who then shot Novotny in the back and fled the scene.  Novotny was transported to the MED in critical condition. Upon further investigation, **Jabril Sidney Jones** was developed as a suspect.  Investigating officers went to 1227 Garfield and made contact with Geneva Smith who was **Jones'** girlfriend.  Smith advised that **Jones** was hiding in the rear of the home, but upon searching, officers were unable to locate **Jones** who had fled out the back door.  Upon questioning, Geneva Smith reported that **Jabril Jones** came home and stated "I fucked up, I fucked up."  **Jones** told her that he tried to rob a man and ended up shooting him because he had a bottle and attempted to throw it at him.  Smith indicated that she knew **Jones** to have a .40 caliber and a revolver.  She reported that **Jones** had indicated he was going to attempt to retrieve or

---

[1] Citations to (Cr. ECF No. ##) refer to the criminal case <u>United States v. Jones</u>, No. 2:09-cr-20389-SHM-tmp (W.D. Tenn.).  Citations to (ECF No. ##) refer to the civil case <u>Jones v. United States</u>, No. 2:16-cv-2753-SHM-tmp (W.D. Tenn.).

destroy the video from a convenience store where he first observed the victim with money.

5. On Saturday, July 4, 2009, John Novotny positively identified **Jabril Sidney Jones** from a photo lineup as the person responsible for the shooting. Police officers returned to 1227 Garfield to locate **Jones**. Officers made contact with Geneva Smith, and discovered that **Jabril Jones** was hiding in the attic. After several minutes of talking with **Jones**, officers finally convinced him to come down from the attic and he was taken into custody without incident. After taking **Jones** into custody, officers searched the residence and found a silver/chrome Smith and Wesson .38 caliber revolver and 27 .38 caliber rounds of ammunition hidden in the lining of the couch. Geneva Smith told officers that the .38 caliber revolver belonged to **Jones** who had put it in the couch.

6. A federal agent subsequently examined the Smith and Wesson .38 caliber revolver (serial #58084) which was recovered from the couch at 1227 Garfield on July 4, 2010. The agent determined that the revolver had not been manufactured in the State of Tennessee. It was further confirmed that **Jabril Jones** had a conviction for a felony prior to July 3, 2000.

(PSR ¶¶ 4-6.)

On September 15, 2010, a jury convicted Jones of violating 18 U.S.C. § 922(g). (Cr. ECF No. 34.) At sentencing, the Court determined that Jones's base offense level was 37 and his criminal history category was IV. (See PSR ¶ 60.) Jones was sentenced to the statutory maximum of 120 months in prison followed by three years of supervised release. (Judgment, Cr. ECF No. 46.)

On April 22, 2016, Jones filed a notice of appeal. (Cr. ECF No. 63.) On April 28, 2016, the Court of Appeals for the

Sixth Circuit dismissed Jones's appeal as untimely. (Cr. ECF No. 64 at 111.)

On September 19, 2016, Jones filed this § 2255 Motion. (ECF No. 1.) Jones filed supplements without leave on October 11, 2016 (ECF No. 7) and November 4, 2016 (ECF No. 9).

On November 7, 2016, the Court directed the Government to respond to Jones's § 2255 Motion. (ECF No. 10.) The Government filed its response on November 9, 2016. (ECF No. 11.)

On November 14, 2016, Jones filed a motion to amend. (ECF No. 12.) On November 21, 2016, Jones filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). (ECF No. 14.) The same day, Jones filed a notice of amendment. (ECF No. 15.) On November 28, 2017, Jones filed a second notice of amendment. (ECF No. 16.) The Court construes Jones's notices of amendment as motions to amend.

On December 7, 2016, Jones filed a reply to the Government's response to his § 2255 Motion. (ECF No. 17.)

Jones filed two affidavits: one on April 24, 2017 and the other on April 26, 2017. (ECF Nos. 18-19.) He filed supplemental arguments on May 16, 2017 (ECF No. 21), and on May 18, 2016 (ECF No. 22).

## II. LEGAL STANDARDS

### A. Section 2255 Motion

Jones seeks relief under 28 U.S.C. § 2255. (§ 2255 Mot.)
Under § 2255(a),

> [a] prisoner in custody under sentence of a
> court established by Act of Congress
> claiming the right to be released upon the
> ground that the sentence was imposed in
> violation of the Constitution or laws of the
> United States . . . or that the sentence was
> in excess of the maximum authorized by
> law . . . may move the court which imposed
> the sentence to vacate, set aside or correct
> the sentence.

28 U.S.C. § 2255(a).

"To succeed on a § 2255 motion, a prisoner in custody must
show '(1) an error of constitutional magnitude; (2) a sentence
imposed outside the statutory limits; or (3) an error of fact or
law that was so fundamental as to render the entire proceeding
invalid.'" McPhearson v. United States, 675 F.3d 553, 558–59
(6th Cir. 2012) (quoting Mallett v. United States, 334 F.3d 491,
496–97 (6th Cir. 2003)).

A prisoner must file his § 2255 motion within one year of
the latest of:

> (1) the date on which the judgment of
> conviction becomes final;

> (2) the date on which the impediment to
> making a motion created by governmental
> action in violation of the Constitution
> or laws of the United States is
> removed, if the movant was prevented

from making a motion by such
                    governmental action;

        (3)  the date on which the right asserted
             was initially recognized by the Supreme
             Court, if that right has been newly
             recognized by the Supreme Court and
             made retroactively applicable to cases
             on collateral review; or

        (4)  the date on which the facts supporting
             the claim or claims presented could
             have been discovered through the
             exercise of due diligence.

28 U.S.C. § 2255(f).

     After a petitioner files a § 2255 motion, the court reviews

it and, "[i]f it plainly appears from the motion, any attached

exhibits, and the record of prior proceedings that the moving

party is not entitled to relief, the judge must dismiss the

motion . . . ." Rules Governing Section 2255 Proceedings for

the U.S. District Courts ("§ 2255 Rules") at Rule 4(b). "If the

motion is not dismissed, the judge must order the United States

attorney to file an answer, motion, or other response within a

fixed time, or to take other action the judge may order." Id.

The § 2255 movant is entitled to reply to the government's

response. Id. at Rule 5(d). Where the court considering the

§ 2255 motion also handled the earlier proceedings at issue

(e.g., the change of plea and the sentencing hearing), the court

may rely on its recollection of the proceedings. See, e.g.,

James v. United States, No. 3:13-01191, 2017 WL 57825, at *1

(M.D. Tenn. Jan. 4, 2017) (quoting <u>Arredondo v. United States</u>, 178 F.3d 778, 782 (6th Cir. 1999)).

## B. ACCA's "Violent-Felony" Framework

Jones challenges the application of the sentencing guidelines. He cites <u>Johnson v. United States</u>, where the Supreme Court held that a sentence imposed under the residual clause of the Armed Criminal Career Act ("ACCA") violates due process. 135 S. Ct. at 2563. In <u>Welch v. United States</u>, the Supreme Court applied its holding in <u>Johnson</u> retroactively to ACCA cases on collateral review. 136 S. Ct. 1257, 1268 (2016); <u>see also</u> <u>In re Watkins</u>, 810 F.3d 375, 383–84 (6th Cir. 2015) (same).

Under the ACCA, a defendant convicted under 18 U.S.C. § 922(g) who has three prior convictions for violent felonies or serious drug offenses is subject to a mandatory minimum sentence of 180 months in prison. 18 U.S.C. § 924(e)(1). Without the prior qualifying convictions, a defendant convicted under § 922(g) is subject to a statutory maximum sentence of 120 months. <u>Id.</u> § 924(a)(2).

## III. ANALYSIS

### A. Timeliness

A § 2255 motion and any amendments to it must be filed within the one-year statute of limitations established by § 2255(f). <u>See, e.g.</u>, <u>Berry v. United States</u>, No. 2:14-CV-

02070-STA-CGC, 2017 WL 401269, at *10 (W.D. Tenn. Jan. 30, 2017).  Under § 2255(f)(1), the motion must be filed within one year of "the date on which the judgment of conviction becomes final."  A conviction becomes final on conclusion of direct review.  Sanchez-Castellano v. United States, 358 F.3d 424, 426 (6th Cir. 2004).  If the defendant takes a timely direct appeal to the court of appeals, the judgment of conviction becomes final after the ninety-day period to file a petition for writ of certiorari expires.  Id.  If the petitioner does not appeal or fails to take a timely appeal, "the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals[.]"  Id.  Under § 2255(f)(3), a petitioner alternatively may bring a § 2255 motion within one year of "the date on which the right asserted was initially recognized by the Supreme Court . . . ."  The § 2255(f) statute of limitations is not jurisdictional, and the Government can waive it.  See, e.g., Pittman v. United States, No. 3:10-CR-1542-TAV-HBG, 2016 WL 3129198, at *2 (E.D. Tenn. June 2, 2016); United States v. Miller, No. 6:13-7324-DCR, 2014 WL 4693689, at *6 (E.D. Ky. Aug. 28, 2014).

A judgment was entered against Jones on February 4, 2011.  (Cr. ECF No. 49.)  Jones failed to file a timely, direct appeal.  His conviction became final on February 18, 2012.  He filed his

§ 2255 motion on September 19, 2016, more than four-and-a-half years after finality. Jones's § 2255 Motion is untimely.[2]

Johnson was decided on June 26, 2015. Jones's request for Johnson relief was filed more than a year later, on September 19, 2016. Jones's Johnson claim is untimely.

The Government failed to raise § 2255(f) in its response. (See ECF No. 10.) The statute of limitations defense to Jones's § 2255 Motion is waived.

**B.  Motions to Amend**

Jones has filed six supplements/amendments to his original § 2255 Motion without leave. (See ECF Nos. 7, 9, 18-19, 21-22.) He has filed three motions to amend his original § 2255 Motion. (See ECF Nos. 12, 15-16.)

Claims not brought in Jones's original § 2255 Motion are barred unless the claims asserted "relate back" under Rule 15(c)(1)(B) of the Federal Rules of Civil Procedure to a claim raised in the original motion. See Evans v. United States, 284 F. App'x. 304, 305, 313 (6th Cir. 2008); cf. Cowan v. Stovall, 645 F.3d 815, 819 (6th Cir. 2011).

---

[2]  Even if Jones could take advantage of his untimely-filed direct appeal, the Sixth Circuit dismissed that appeal on June 7, 2016. Jones would have had until September 5, 2016, to file a § 2255 Motion. He filed his § 2255 Motion two weeks later, on September 19, 2016.

Jones's § 2255 Motion asserts four grounds for relief. First, Jones contends he is entitled to relief in light of Johnson. Second, Jones argues that the Court misapplied the sentencing guidelines because the issue of attempted murder was not properly presented to the jury at trial. Third, Jones argues that his counsel was ineffective for failing to object to the prosecutor's alleged misstatement of the facts and to the PSR. Fourth, Jones contends that his rights under the Fifth and Eighth Amendments have been violated because his sentence was miscalculated.

To the extent Jones's amendments attempt to assert new claims, such as prosecutorial misconduct, separate instances of ineffective assistance of counsel, Fourth Amendment challenges, and fraud on the court, they are time-barred. (See ECF Nos. 7, 9, 18-19, 21-22.) Jones's motions to amend (ECF Nos. 12, 15-16, 18-22) are DENIED as futile.[3]

C.   **Application of Johnson**

Jones is not entitled to relief in light of Johnson. Jones was not determined to be an Armed Career Criminal under the ACCA at sentencing. (See generally PSR.) Johnson does not assist him.

_____

[3] To the extent Jones has made additional claims not addressed by this Order, those claims are not identifiable or are incoherent.

**D.  Application of the Sentencing Guidelines**

Jones argues that the calculation of his base offense level was improper because the issue of attempted murder was not properly presented to the jury.  (See ECF No. 1 at 2.)  Jones contends that, had he "not been found guilty of an attempted murder[,] [he] would have been subject to a sentence of 27 to 33 months far below the 120 month statutory maximum sentence [he] received."  (Id.)  Jones argues that "attempted murder is not groupable with [a] firearm offense."  (Id. at 1.)

Jones was not charged with attempted murder.  He was charged with and found guilty of violating 18 U.S.C. § 922(g).  Because the Indictment had only one count, the Court did not refer to § 3D1.2, which applies when grouping closely related counts.  U.S. SENTENCING GUIDELINES MANUAL § 3D1.2 (2010).

To calculate Jones's base level offense, the Court applied Sentencing Guideline § 2K2.1, which governs convictions for felons in possession of firearms.  Section 2K2.1 provides that, "[i]f the defendant used or possessed any firearm or ammunition in connection with the commission or attempted commission of another offense . . . apply . . . § 2X1.1 (Attempt, Solicitation, or Conspiracy) . . . ."  U.S. SENTENCING GUIDELINES MANUAL § 2K2.1(c)(1)(A) (2010).  "Another felony offense" is "any federal, state, or local offense, other than

the explosive or firearms possession or trafficking offense,

punishable by imprisonment for a term exceeding one year,

regardless of whether a criminal charge was brought, or a

conviction obtained." Id. § 2K2.1 app. Note 14. "The

guidelines require courts to consider 'relevant conduct' in

calculating a defendant's base offense level, see U.S.S.G. §

1B1.3(a). . . ." United States v. Alsante, 812 F.3d 544, 550

(6th Cir. 2016) (citing United States v. Miller, 910 F.2d 1321,

1326–27 (6th Cir. 1990)). That conduct includes criminal acts

that have not been charged. Id. Courts determine relevant

conduct under a preponderance of the evidence standard. See

United States v. Benjamin, 138 F.3d 1069, 1072 (6th Cir. 1998)

("When a sentencing court includes relevant conduct in its

calculation of the base offense level, the conduct must be

supported by a preponderance of the evidence"); see also United

States v. Shannon, 803 F.3d 778, 788 (6th Cir. 2015)

("[S]entencing judges may engage in judicial fact-finding and

consider evidence under a preponderance of the evidence

standard").

    After cross referencing § 2K2.1, the Court applied § 2X1.1,

which instructs that, "[w]hen an attempt, solicitation, or

conspiracy is expressly covered by another offense guideline

section, apply that guideline section." U.S. SENTENCING
GUIDELINES MANUAL § 2X1.1(c)(1) (2010).

The Court found by a preponderance of the evidence that
Jones had attempted to murder John Novotny. Jones did not
object to the description of the offense in the PSR. He tried
to rob John Novotny and shot Novotny when Novotny tried to run.
(See PSR ¶ 4.)

Jones engaged in conduct that, if successful, would have
constituted first degree murder as defined in 18 U.S.C. § 1111.
Under § 1111, a killing is murder in the first degree if, among
other things, the killing is "willful, deliberate, malicious,
and premeditated" or "perpetrated from a premeditated design
unlawfully and maliciously to effect the death of any human
being other than him who is killed." The record establishes
that Jones deliberately shot Novotny while trying to rob Novotny
"because [Novotny] had a bottle and attempted to throw it at
[Jones]." (PSR ¶ 4.) That evidence is sufficient to prove a
willful, deliberate, malicious, and premeditated attempt to
murder. (Sentencing Tr. at Page 11:10-13; Page 12:21-23.) The
Court relied on § 2X1.1(c)(1) and found that Jones's conduct
constituted attempted murder under § 2A2.1.

Under § 2A2.1, the base offense level for Jones's relevant
conduct offense, attempted murder, was 33. U.S. SENTENCING

GUIDELINES MANUAL § 2A2.1(a)(2) (2010).  Because "the victim

sustained permanent or life-threatening bodily injury," Jones's

base offense level was increased by 4 levels to 37.  Id.

§ 2A2.1(b)(1)(A).

Jones had nine criminal history points, placing him in

criminal history category IV.[4]  (Sentencing Tr. at Page 14:17-

18.)  The advisory guideline range for a defendant with a base

offense level of 37 and a criminal history category IV is 292-

365 months in prison.  U.S. SENTENCING GUIDELINES MANUAL,

Sentencing Table (2010).

Under § 5G1.1, if "the statutorily authorized maximum

sentence is less than the minimum of the applicable guideline

range, the statutorily authorized maximum sentence shall be the

guideline sentence."  U.S. SENTENCING GUIDELINES MANUAL

§ 5G1.1(a) (2010).  The statutory maximum for a violation of 18

U.S.C. § 922(g) is 120 months in prison.  Jones received a

guideline sentence, the statutory maximum of 120 months.

When the sentence imposed does not exceed the statutory

maximum, enhancements imposed under the Sentencing Guidelines

need not be found by a jury beyond a reasonable doubt.  United

States v. Phillips, 516 F.3d 479, 486 (6th Cir. 2008).  Because

---

[4] Jones does not challenge his criminal history category or criminal
history points.

Jones ultimately received a sentence at the applicable statutory maximum, his enhancement based on his relevant conduct, attempted murder, need not have been presented to the jury. The Court's finding by a preponderance of the evidence that the relevant conduct constituted attempted murder was sufficient. The Court correctly calculated Jones's base offense level and limited Jones's sentence to the statutory maximum.

Jones is not entitled to habeas relief on his claim for misapplication of the Sentencing Guidelines in calculating his base offense level or sentence duration.

### E.   Ineffective Assistance of Counsel

Jones argues his trial lawyer was ineffective for failing to object to the prosecutor's representation of the facts to the jury and to the PSR. (ECF No. 1 at 2.) Jones argues that, "during Trial[,] [his] lawyer never objected to the prosecutor[']s misrepresentation of facts to the jury and in [Jones's] (P.S.[R].)." (Id. at 2.)

Jones offers no facts to support his ineffective assistance of counsel claim. He fails to satisfy Rule 2 of the Rules Governing § 2255 Proceedings, which requires a motion to "specify all grounds for relief available to the moving party" and "state the facts supporting each ground." R. Governing § 2255 Proceedings 2(b)(1)–(2). A § 2255 motion that fails to

state the supporting facts is legally insufficient on its face and may be dismissed.  McFarland v. Scott, 512 U.S. 849, 856 (1994).  Jones does not specify what facts the prosecutor misrepresented or what portion of the PSR merited objection. His undeveloped, conclusory, and speculative statement is unsupported by citations to the law or the facts.  The Court cannot evaluate a claim that consists of a single conclusory sentence.

Jones cites no facts or law to support his claim of ineffective assistance of counsel.  That claim is legally insufficient.  Jones is not entitled to relief on it.

### F.    Fifth and Eighth Amendments

Jones "also argues a Fifth and Eighth Amendment violation for cruel and unusual punishment and excessive punishment." (ECF No. 1 at 2.)

Jones offers no facts to support his claim for Fifth and Eighth Amendment violations.  He fails to satisfy Rule 2 of the Rules Governing § 2255 Proceedings.

Jones's assertion of Fifth and Eighth Amendment violations is based on the Court's determination that his relevant conduct constituted attempted murder under the Sentencing Guidelines.

That assertion is foreclosed for the reasons stated above.

Jones was properly sentenced under the guidelines.

Jones is not entitled to habeas relief on his claim for
Fifth or Eighth Amendment violations.

### G. Rule 60(b)

Jones has filed a motion for relief from judgment under
Federal Rule of Civil Procedure 60(b). He argues that his base
offense level violated Apprendi v. New Jersey, 530 U.S. 466
(2000), that he was improperly and overly punished, that he was
wrongfully convicted, that the prosecutor engaged in misconduct,
that his trial counsel was ineffective for failing to object to
inconsistent witness testimony, and that he is actually innocent
of his 18 U.S.C. § 922(g) conviction. (See ECF No. 14.)

Rule 60(b) does not provide relief from a judgment in a
criminal case. The Sixth Circuit and other courts have
uniformly held that "Fed. R. Civ. P. 60(b) does not apply in
criminal proceedings." United States v. Bender, No. 03-3881, 96
F. App'x 344, 345 (6th Cir. Apr. 26, 2004); see also United
States v. Diaz, No. 00-1876, 79 F. App'x 151, 152 (6th Cir. Oct.
24, 2003); United States v. Charles, No. 01-5806, 37 F. App'x
758 (6th Cir. June 17, 2002); United States v. Fair, 326 F.3d
1317, 1318 (11th Cir. 2003); United States v. Pope, No. 03-1523,

124 F. App'x 680, 682 (2d Cir. Mar. 2, 2005); <u>Bixler v. Harry</u>,
No. 09-11071, 2009 WL 1107699, at *2 (E.D. Mich. Apr.23, 2009).

"Rule 60(b) is not a substitute for a motion to vacate
under § 2255." <u>United States v. Cadena</u>, 230 F.3d 1360, 1360
(6th Cir. 2000) (Table) (citations omitted).  To the extent
Jones's Rule 60(b) Motion brings claims different from those in
his § 2255 Motion, his Rule 60(b) claims constitute a second or
successive § 2255 motion, for which he must first obtain
authorization from the Sixth Circuit.  See <u>In re Nailor</u>, 487
F.3d 1018, 1023 (6th Cir. 2007); <u>see also</u> <u>Cadena</u>, 230 F.3d at
1360.  To the extent Jones's Rule 60(b) Motion brings the same
claims as his § 2255 Motion, Rule 60(b) is not an appropriate
vehicle and Jones is not entitled to relief on his Rule 60(b)
claims for the reasons stated above.  Jones's Rule 60(b) motion
is DENIED.

**IV.  APPEALABILITY**

Twenty-eight U.S.C. § 2253(a) requires a district court to
evaluate the appealability of its decision denying a § 2255
motion and to issue a certificate of appealability ("COA") "only
if the applicant has made a substantial showing of the denial of
a constitutional right."  28 U.S.C. § 2253(c)(2); <u>see also</u> Fed.
R. App. P. 22(b).  No § 2255 movant may appeal without this
certificate.

The COA must indicate the specific issue or issues that
satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A
"substantial showing" is made when the movant demonstrates that
"reasonable jurists could debate whether (or, for that matter,
agree that) the petition should have been resolved in a
different manner or that the issues presented were adequate to
deserve encouragement to proceed further." Miller-El v.
Cockrell, 537 U.S. 322, 336 (2003) (internal quotation marks and
citation omitted); see also Henley v. Bell, 308 F. App'x 989,
990 (6th Cir. 2009) (per curiam). A COA does not require a
showing that the appeal will succeed. Miller-El, 537 U.S. at
337; Caldwell v. Lewis, 414 F. App'x 809, 814-15 (6th Cir.
2011). Courts should not issue a COA as a matter of course.
Bradley v. Birkett, 156 F. App'x 771, 773 (6th Cir. 2005).

Jones is not entitled to relief under Johnson; for
misapplication of the sentencing guidelines; for ineffective
assistance of counsel; under the Fifth or Eight Amendment; or
under Rule 60(b). He cannot present a question of some
substance about which reasonable jurists could differ. The
Court DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation
Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), does not apply to
appeals of orders denying § 2255 motions. Kincade v. Sparkman,

19

117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal in forma pauperis in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, a prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Kincade, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, a prisoner must file his motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a)(4)-(5).

Because Jones is clearly not entitled to relief, the Court denies a certificate of appealability. It is CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal in forma pauperis is DENIED.[5]

_____

[5] If Jones files a notice of appeal, he must also pay the appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days.

**V. CONCLUSION**

For the foregoing reasons, the § 2255 Motion is DENIED. Jones's request for relief under <u>Johnson</u>, motions to amend, and motion for relief under Rule 60(b) are also DENIED.

So ordered this 8th day of November, 2017.

*/s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT COURT JUDGE